IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHARLES RANDALL HARRISON,
    Petitioner,

vs.                                      Case No. 3:11cv525/RV/CJK

UNITED STATES OF AMERICA, et al.
    Respondents.

## REPORT AND RECOMMENDATION

This cause is before the court upon petitioner's petition for writ of habeas corpus (doc. 1), filed pursuant to 28 U.S.C. § 2241, and the government's motion to dismiss the petition (doc. 22). Petitioner has filed a response in opposition to the motion to dismiss (doc. 24), and a notice of supplemental authority (doc. 26). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636, and NORTHERN DISTRICT OF FLORIDA LOCAL RULE 72.2(B). After careful consideration, the undersigned concludes that the motion to dismiss should be granted.

## BACKGROUND AND PROCEDURAL HISTORY

Petitioner, a detainee confined at the Federal Medical Center, Devens, in Devens, Massachusetts, has filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241, claiming his confinement is unlawful. Specifically, petitioner claims

he was not a member of the conspiracy underlying his convictions and, therefore, that he is actually innocent of the charges leveled in the government's second superseding indictment. (Doc. 1, p. 3). As relief, petitioner requests that a writ of habeas corpus be issued directing his release, or, in the alternative, that an evidentiary be held to "prove . . . that [petitioner] is actually and factually innocent of the conspiracy charged . . . ." (Doc. 1, p. 6).

The pertinent procedural history of this case, which is gleaned from the petition, the motion to dismiss, and the docket in case number 3:96cr57/RV/MD, begins on October 3, 1996, when the government charged petitioner (and three others) with conspiracy to possess with intent to distribute methamphetamine and amphetamine (count I), in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), 841(b)(D), and 846, and possession with intent to distribute amphetamine (count II), in violation of 21 U.S.C. § 841(b)(1)(C). (Doc. 40, pp. 1-2). A jury convicted petitioner on both counts as charged (doc. 89), and this court sentenced him to 420 months in prison on count I, and a 360-month term of imprisonment on count II (the latter to run concurrently with the former), to be followed by a 10-year term of supervised release. (Doc. 115, pp. 2-3). On direct appeal, the U.S. Court of Appeals for the Eleventh Circuit ("Eleventh Circuit") affirmed petitioner's convictions and sentences. (Doc. 162).

On February 2, 2000, petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. 172). This court granted the motion to vacate in part (doc. 237, p. 26), thereby reducing petitioner's sentence on count I of the indictment from 420 months' imprisonment to 360 months. (Doc. 250, pp. 1-2). In all other respects, the judgment and sentence remained in full force and effect. On October 15, 2001, petitioner moved for a certificate of appealability (doc. 253),

which this court denied. (Doc. 256). Petitioner appealed the district court's order denying the motion for certificate of appealability to the Eleventh Circuit, which, in lieu of a mandate, issued an order dismissing the appeal. (Doc. 276).

On March 17, 2003, petitioner filed a second motion to vacate under 28 U.S.C. § 2255. (Doc. 285). This court denied the motion to vacate (docs. 299 & 306), as well as a motion for certificate of appealability. (Docs. 316, 320, & 322). Defendant appealed the order denying the motion for certificate of appealability to the Eleventh Circuit (doc. 324), which, in lieu of a mandate, again issued an order dismissing the appeal (doc. 345). More than five years later, on April 1, 2008, petitioner filed a motion for relief from judgment pursuant to FEDERAL RULE OF CIVIL PROCEDURE 60(b), which this court denied. (Docs. 457 & 459). On appeal, the Eleventh Circuit construed the RULE 60(b) motion as one arising under § 2255, and requested a ruling on the availability to petitioner of a certificate of appealability. (Doc. 467). On September 24, 2008, this court entered an order denying a certificate of appealability (doc. 474), which the Eleventh Circuit affirmed. (Doc. 486).

A review of the docket pertaining to the instant matter reveals that petitioner filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on October 31, 2011 (doc. 1). After service of the petition, the government filed the motion to dismiss on February 16, 2012 (doc. 22). Petitioner responded to the government's motion on February 27, 2012 (doc. 23), and filed a notice of supplemental authority on May 29, 2012 (doc. 26).

## DISCUSSION

"Typically, a petitioner collaterally attacks the validity of his federal sentence by filing a petition under 28 U.S.C. § 2255." *Sawyer v. Holder*, 326 F.3d 1363 (11th Cir. 2003); *see McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979) ("A motion to

vacate sentence pursuant to 28 U.S.C. [§] 2255 provides the primary method of collateral attack on a federally imposed sentence.").[1] Under limited circumstances, however, the "savings clause" provision of § 2255 permits a federal detainee to pursue habeas corpus relief as provided for in 28 U.S.C. § 2241:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); *see Sawyer*, 326 F.3d at 1365 ("Under the savings clause of § 2255, a prisoner may file a § 2241 petition if an otherwise available remedy under § 2255 is inadequate or ineffective to test the legality of his detention."); *McGhee*, 604 F.2d at 10 ("A petition for a writ of habeas corpus pursuant to 28 U.S.C. [§] 2241 is not a substitute for a motion under [§] 2255; and a petition under [§] 2241 attacking custody resulting from a federally imposed sentence may be entertained only where the petitioner establishes that the remedy provided for under [§] 2255 'is inadequate or ineffective to test the legality of his detention.'"). The Eleventh Circuit has interpreted this provision to mean that "the savings clause applies when (1) a claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of the Supreme Court decision establishes that the petitioner was convicted for an offense that is now nonexistent; and (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the trial, appeal, or first § 2255 motion." *Sawyer*, 326 F.3d at 1365 (*citing Wofford v. Scott*, 177 F.3d 1236, 1244

---

[1] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as precedent all decisions of the former U.S. Court of Appeals for the Fifth Circuit handed down prior to the close of business on September 30, 1981.

(11th Cir. 1999)).

Notably, "[t]he burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the [§] 2255 remedy rests with the petitioner." *McGhee*, 604 F.2d at 10; *see Jerdine v. United States*, 296 F. App'x 832, 833 (11th Cir. 2008). "It is well established that a prior unsuccessful [§] 2255 motion is insufficient, in and of itself, to show the inadequacy or ineffectiveness of the remedy." *McGhee*, 604 F.2d at 10; *see Miller v. Warden*, 449 F. App'x 773, 774 (11th Cir. 2011) ("The restrictions on successive § 2255 motions do not, by themselves, render that section inadequate or ineffective."); *Hernandez v. Drew*, 371 F. App'x 991, 993 (11th Cir. 2010) ("In order for a prisoner to avail himself of the § 2241 remedy, all three *Wofford* criteria must be met."); *Sawyer*, 326 F.3d at 1365 (determining inadequacy or ineffectiveness of § 2255 remedy by reference to the three-pronged *Wofford* test); *Wofford*, 177 F.3d at 1237 (rejecting appellant's argument that restrictions on second § 2255 motions rendered that section inadequate or ineffective to test legality of his detention within the meaning of the savings clause, such that appellant could resort to § 2241 remedy).

In his habeas corpus petition (doc. 1), petitioner argues that he is "actually innocent of the conspiracy the government charged in Count I of the second superseding indictment and . . . did not raise this argument on direct appeal . . . ." (Doc. 1, p. 3). In response to the motion to dismiss, petitioner builds upon this theory of actual innocence, offering considerable factual detail concerning the circumstances undergirding his conviction. (Doc. 23, pp. 8-15). Regarding his burden to establish the inadequacy or ineffectiveness of the § 2255 remedy, petitioner submits that a motion to vacate, set aside, or correct sentence may not be used in lieu of direct appeal to correct errors committed in the course of trial, such as those petitioner

believes are at issue here. (Doc. 23, pp. 2-3). Petitioner, for example, asserts in the habeas petition that he could not have been a member of the indicted conspiracy because, he contends, he was actually party to a competing drug distribution ring at all times material to the conspiracy charged. (Doc. 2, pp. 4-5). Accordingly, petitioner maintains, the § 2255 remedy is inadequate to test the legality of his detention and he must resort to the procedure afforded by § 2241. (Doc. 23, p. 1).

In turn, the government contends, correctly, that a petitioner may not argue actual innocence until he "opens the portal" to a § 2241 remedy by demonstrating that the savings clause of § 2255 applies to his claim. *See Miller*, 449 F. App'x at 774 ("Only if the petitioner 'opens the portal' to a § 2241 petition by establishing [the] three [*Wofford*] elements may he proceed to argue the merits of his claim."); *Santivanez v. Warden, FCC Coleman-USP II*, 416 F. App'x 833 (11th Cir. 2011) ("To the extent that Santivanez attempts to argue actual innocence, he cannot do so because he did not 'open the portal' by demonstrating that § 2255(e)'s savings clause applied."); *Hernandez*, 371 F. App'x at 993 ("A petitioner may not argue issues raised in his petition until he has 'open[ed] the portal' to § 2241 by demonstrating that the savings clause applies."); *Wofford*, 177 F.3d at 1244 n.3 (holding that the actual innocence inquiry is engaged only "[o]nce the savings clause of § 2255 applies to open the portal to a § 2241 proceeding"). Ultimately, the government argues petitioner has not demonstrated that the savings clause applies to his claim and thereby opened the portal to proceedings under § 2241. (Doc. 22, p. 5).

Petitioner in the instant case alleges no facts indicating that the § 2255 remedy is inadequate or ineffective. The Eleventh Circuit has crafted a narrow interpretation of the savings clause, applying that statutory provision only "when (1) a claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of the

Supreme Court decision establishes that the petitioner was convicted for an offense that is now nonexistent; and (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the trial, appeal, or first § 2255 motion." *See Sawyer*, 326 F.3d at 1365 (*citing Wofford*, 177 F.3d at 1244); *see also Hernandez*, 371 F. App'x at 993 ("In order for a prisoner to avail himself of the § 2241 remedy, all three *Wofford* criteria must be met."). Petitioner has not identified as the basis of any claim a retroactive Supreme Court decision that establishes he was convicted of a non-existent offense, nor has he asserted any legal claim that was unavailable to him at the time he filed his previous § 2255 motion. Consequently, petitioner has failed to show that the § 2255 savings clause applies to "open the portal" to a § 2241 proceeding. *See Wofford*, 177 F.3d at 1244.

In his notice of supplemental authority (doc. 26), petitioner holds out *DePierre v. United States*, 131 S. Ct. 2225 (2011), for the proposition that "the identity and quantity of the controlled substances are offense elements as a matter of statutory interpretation[] and must be prove[d] beyond a reasonable doubt in order to impose the mandatory minimum sentences under [§] 841(b)(1)(A)(iii) or (b)(1)(B)(iii)." (Doc. 26, p. 6). "Furthermore," defendant continues, "these elements must be prove[d] at trial, not at sentencing." (Doc. 26, p. 6). This line of argument does not establish the *Wofford* criteria. What is more, *DePierre* does not stand for the propositions to which petitioner ascribes it. Rather, *DePierre* holds that the term "cocaine base," as used in 21 U.S.C. § 841(b)(1)(A)(iii) (mandating a minimum ten-year sentence for persons convicted of drug offenses involving fifty grams or more of a mixture or substance which contains cocaine base), means not just crack cocaine, but cocaine in its chemically basic form, that is, the molecule found in crack cocaine, freebase, and coca paste. *See* 131 S. Ct. at 2231-32. In other words, *DePierre* does

not invalidate the offense for which defendant was convicted and, therefore, does nothing to advance petitioner's cause.

Finally, the court turns to petitioner's contentions regarding his failure to raise the actual innocence claims in a prior proceeding. The law is clear that a petitioner who has had a procedural opportunity to raise his claims, either at trial, on direct appeal, or in a § 2255 motion, cannot establish the inadequacy or ineffectiveness of the § 2255 remedy. *See Wofford*, 177 F.3d at 1245 (holding that § 2241 petitioner's claims did not fit within parameters of the savings clause, because he "had a procedural opportunity to raise each of his claims and have it decided either at trial or on appeal"); *In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998) (explaining that a petitioner cannot demonstrate inadequacy of § 2255 remedy where he had a reasonable opportunity to raise an issue on appeal or in a first § 2255 motion, or within the Antiterrorism and Effective Death Penalty Act's ("AEDPA") restrictions in a second motion to vacate). Here, petitioner asserts that he could not raise his claims of actual innocence at trial, on appeal, or in any motion under § 2255 (of which he filed no fewer than three), because the prosecution "intentionally and maliciously withheld the evidence that Harrison has supplied the court in his exhibits to his 2241 and . . . denied him any chance at a judicial determination on this issue." (Doc. 23, pp. 6, 8).

The exhibits to which petitioner refers, however, consist in large part of Drug Enforcement Administration ("DEA") investigation reports, which do not mention Harrison, and transcript excerpts prepared in connection with petitioner's own trial. Petitioner maintains that the absence of his name from the DEA reports tends to prove his innocence and, therefore, that the government was required to disclose the reports pursuant to *Brady v. Maryland*, 373 U.S. 83, 83 (1963) (holding that "suppression by

the prosecution of evidence favorable to an accused . . . violates due process where the evidence is material either to guilt or to punishment"). This argument is unpersuasive—that the particular investigation reports do not mention Mr. Harrison by name does not, standing alone, necessitate disclosure under *Brady*. *See United States v. Contreras*, 272 F. App'x 344, 345 (5th Cir. 2008) (defining *Brady* material as evidence "exculpatory [and] material to the determination of . . . guilt or the sentence imposed"). Likewise, petitioner cannot now assert that a lack of access to transcripts pertaining to his trial prevented him from raising the actual innocence argument in a prior proceeding. Petitioner attended his own trial, enjoyed a first-hand account of all witness testimony, and thus surely could have made the actual innocence argument on appeal, if not at the trial itself. In short, petitioner has not shown cause for his failure to raise this argument in one of the myriad proceedings preceding his habeas corpus petition.

Having filed a petition pursuant to 28 U.S.C. § 2241, Harrison makes his post-conviction strategy plainly apparent. Because petitioner previously filed multiple § 2255 motions, all of which were decided on the merits, he could not again seek relief pursuant to § 2255 without obtaining prior authorization from the Eleventh Circuit, which he did not do. *See* 28 U.S.C. § 2255(h) (establishing that a second or successive motion must be certified by a panel of the appropriate court of appeals to contain either (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense, or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable); *Miller*, 449 F. App'x at 774 ("[I]f a federal prisoner previously filed a § 2255 motion that was denied or

dismissed with prejudice, he must apply for and receive permission from the court of appeals before filing a successive § 2255 motion."). Petitioner is attempting to use § 2241 for an impermissible purpose, that is, simply to escape the restrictions on second or successive motions under § 2255. *See Miller*, 449 F. App'x at 774 ("[A] petitioner who previously filed a § 2255 motion to vacate cannot circumvent the successive motion restrictions by simply filing a § 2241 petition."); *Hernandez*, 371 F. App'x at 993 ("The savings clause does not permit a prisoner to circumvent the requirements for filing a § 2255 motion merely by filing a § 2241 petition."); *Darby*, 405 F.3d at 945 ("A petitioner who has filed and been denied a previous § 2255 motion may not circumvent the successive motion restrictions simply by filing a petition under § 2241."); *Wofford*, 177 F.3d at 1245 (prohibiting prisoner from using § 2241 "simply to escape the restrictions on second or successive § 2255 motions"); *McGhee*, 604 F.2d at 10 (observing that "[a] petition for a writ of habeas corpus pursuant to 28 U.S.C. [§] 2241 is not a substitute for a motion under [§] 2255").

Petitioner's claims are plainly barred from a § 2255 motion proceeding by virtue of the successive motion restrictions enacted by AEDPA, contained in 28 U.S.C. §§ 2255 and 2244(b). Mr. Harrison could have raised his claims of actual innocence in a prior proceeding, but he did not do so. The savings clause, however, "does not exist to free a prisoner of the effects of his failure to raise an available claim earlier." *See Wofford*, 177 F.3d at 1245. Nor has petitioner identified as the basis of any claim a retroactive Supreme Court decision that establishes he was convicted of a non-existent offense. Accordingly, petitioner's claim does not fit within the savings clause, and he should not be permitted access to the § 2241 habeas remedy. *See id.* at 1244. To the extent petitioner attempts to argue actual innocence, he may not do so because he has not "opened the portal" by demonstrating that § 2255's savings

clause applies.  *See id.*, 177 F.3d at 1244 n.3 (permitting petitioner to advance claim of actual innocence only if "the savings clause of § 2255 applies to open the portal to a § 2241 proceeding").

     Accordingly, it is respectfully RECOMMENDED:

     1.  That the motion to dismiss (doc. 22) be GRANTED.

     2.  That the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (doc. 1) be DISMISSED without prejudice.

     3.  That all pending motions be DENIED as moot.

     4.  That the Clerk be directed to close the file.

     At Pensacola, Florida, this 26th  day of June, 2012.

                    /s/ *Charles J. Kahn, Jr.*
                    **CHARLES J. KAHN, JR.**
                    **UNITED STATES MAGISTRATE JUDGE**


NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).